IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NOEL DÍAZ RUIZ,

    Petitioner,

v.                                             CIVIL NO.: 09-2020 (MEL)

LUIS A. MARRERO CARABALLO et al.,

    Respondents.

**OPINION AND ORDER**

**I. PROCEDURAL BACKGROUND**

On October 6, 2009, petitioner Noel Díaz Ruiz ("petitioner" or "Díaz") filed a petition for writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. (Docket No. 4). Petitioner, who was sentenced to 99 years of imprisonment for various counts to be served concurrently with each other, alleges a myriad of violations under the 6th and 14th Amendments: (1) inadequate and ineffective assistance of counsel; (2) lack of knowledge and voluntariness in the entry of his guilty plea; (3) deprivation of his liberty, due process, and the equal protection of the laws; (4) incompetence to stand trial; (5) unfair trial; and (6) insufficient ability to consult with his lawyer. (Docket No. 4).

In particular as to his ineffective assistance of counsel claim, petitioner alleges that he received "bad and false representation", that his attorney was unsuccessful in showing petitioner's innocence, that counsel "failed to avoid the sentences that were imposed unlawfully", that "counsel performance was deficient to the extremes that it fell below the objective standard of reasonableness", and that he did not know how to cross examine witnesses. (Docket No. 4 at 11; Docket No. 12 at 4).

As to the entry of his guilty plea, petitioner claims that his attorney pressured him against his will "under verbal threats of receiving more severe consecutive life sentences and that he would be found guilty." (Docket No. 4 at 12; see also Docket No. 12 at 4; Docket No. 15 at 1-2). Specifically, petitioner claims that his attorney warned him as follows: "[Y]ou are guilty. I got you 99 years of imprisonment concurrent with other charges and indictment, sign the plea guilty agreement or you will receive more than 500 years of imprisonment, you have no way out, you are going to lose this case, sign the plea guilty." (Docket No. 12 at 5). Moreover, petitioner claims that he did not understand the plea agreement and the plea colloquy because he only has a third grade education, that he does not know how to read or write, and that his mental capacity falls below the minimum average level of reasonable intelligence. (Docket No. 12 at 7; Docket No. 15 at 1). Pending before the court is an unopposed motion to dismiss filed by respondents. (Docket No. 19).

## II.  LEGAL ANALYSIS & DISCUSSION

A federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody under the sentence of a state court and "has exhausted the remedies available in the courts of the State..." See 28 U.S.C. § 2254(a). Section 2254(a) establishes that a federal court "shall entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id.

Petitioner's allegations to the effect that this attorney did not know how to cross-examine witnesses are unsustainable in light of the fact that petitioner chose to enter a guilty plea, thus waiving his right to a trial by jury and to cross-examine any witnesses. Needless to say, if petitioner chose to enter a guilty plea and waive his right to a trial, then his argument that he did not have a fair trial lacks merit because he chose not to have one.

Likewise, petitioner's allegations regarding his lack of competency can not prosper. Petitioner did not raise any competency argument before the Court of Appeals of the Commonwealth of Puerto Rico (Docket No. 24-2) and no excuse has been given for having failed to do so. Hence, petitioner may not now attempt to circumvent state procedures and raise for the first time competency issues in federal court. Yeboah-Sefah v. Ficco, 556 F.3d 53, 66, 74-76 (1st Cir. 2009).

Furthermore, petitioner's contention that his attorney was inadequate and ineffective runs contrary to the record. According to Díaz's own assertions in his petition for habeas corpus relief, no probable cause was found regarding the kidnapping and corruption of a minor charges, a fact that suggests that Díaz was well represented during the proceedings at the Commonwealth of Puerto Rico. (Docket No. 12 at 3). Petitioner must establish that counsel's performance was constitutionally defective due to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby and therefore exists a probability that if not for this error, the outcome of the case would have been different. Strickland v. Washington, 466 U.S. 668, 687-91 (1983). Such showing has not been made here.

Since petitioner argues in a conclusory manner that he has been deprived of his liberty, due process, and equal protection of the laws, the court will turn instead to the gist of petitioner's motion: whether he entered his guilty plea in an intelligent and voluntary manner. After a review of the record, there is no reason to disturb the proceedings of the state forum.

The transcript of the change of plea hearing reveals that petitioner's decision to enter a guilty plea was a strategic one, that petitioner was aware of the strategy taken by his

attorneys, and that he had not reservations about the quality of the legal services provided to him:

> JUDGE: I ask you if you are satisfied with the legal representation you were given by the Legal Aid Society.
>
> DEFENDANT: Yes.
>
> JUDGE: With the strategy that they have followed in this case?
>
> DEFENDANT: Yes.

(Docket No. 36-1 at p. 11).

Moreover, the record does not support petitioner's coercion claims. The transcript from the state court proceeding reveals that petitioner was asked during his plea colloquy whether he had been coerced to change his plea to guilty:

> JUDGE: I ask you if your attorney explained to you that you are waiving having twelve people called the jury... You are waiving your right to that and are asking that the judge be the one to judge you. Again I ask if you understood that and with that understood, you still insist want to waive your right to have your case heard by a jury.
>
> DEFENDANT: Yes.
>
> JUDGE: Do you want to waive that right?
>
> DEFENDANT: Yes.
>
> JUDGE: Has anyone forced you to do that? Anyone threatened you, promised you anything?
>
> DEFENDANT: No.
>
> JUDGE: No. Good. It is the understanding of the court that the plea or waiver has been made freely, voluntarily, spontaneously, and intelligently, and the court accepts it ....

(Docket No. 36 p. 7-8).[1]

---

[1] The trial court also explained to petitioner the full dimensions of the waiver:

> JUDGE: Today, you are waiving your right to the presumption of innocence, to

In addition, as to the matter of competency, even though for the reasons previously stated petitioner has waived such claim, the record does not give any hint of lack of understanding or awareness of the circumstances:

> JUDGE: I ask you if you have taken any medications this afternoon, something that prevents you from knowing what you are doing. If you have been given any medication, any pill, something that takes away your capacity to be aware of what you are doing today?
>
> DEFENDANT: You mean, did I take pills?
>
> JUDGE: No, no, any medication that prevents you from being aware of what you are doing at this time.
>
> DEFENDANT: No.
>
> JUDGE: Have you been a psychiatric patient?
>
> DEFENDANT: No.

(Docket No. 36-1 at p.6-7).

According to the record, petitioner does not know how to read and write (Docket No. 36-1 at p.6). Yet, all those concerned with this reality ensured that petitioner understood the consequences of waiving his right to a jury trial and entering a guilty plea. For example on the day of the change of plea hearing, petitioner's counsel asked the court for additional time to discuss more in-depth with his client the decision that he was just about to make: "This morning he is waiving his right to a trial by jury, since Mr. Noel Díaz does not know how to read, I have to explain it to him carefully, given the

---

> confront the state's witnesses, to remain silent, to appeal your case. If your case is heard and you are found guilty, you can file an appeal. This is not the case if you plead guilty. Again, I ask if, after considering all of this, you believe the best thing for you in these cases is to plead guilty to the crimes as charged.
>
> DEFENDANT: Yes.

(Docket No. 36-1 at p.10).

seriousness of the charges, we want to be very sure of that waiver...." (Docket No. 36-1 at p.3).

According to the record, petitioner signed the following statement prior to the guilty plea:

> I, Noel Díaz, of legal age, charged with 3 counts of murder in 1st degree, 2 counts under Art. 6 and 8 of the Weapons Act, Robbery, and Art. 4 of the Weapons Act, state that attorneys Ramón W. Ayende and Rafael Capella have explained to me what it means to make a guilty plea to all the crimes charged and the 99-year sentence for the charges of murder in the 1st degree. They have explained to me that I will not be eligible for parole, as a firearm was used in one of the murders and I have 2 counts of Art. 8 under the Weapons Act. They answered all my questions and I am satisfied with the legal representation provided by attorneys Ramón W. Ayende and Rafael Capella of the Legal Aid Society. I have been informed that the parties are in agreement that all sentences be concurrent, which means that the entire sentence would be 99 years of imprisonment. I want to plea guilty to all crimes as charged.

(Docket No. 24-2 at p.1). Although presumably petitioner did not write this statement, and he cannot read it, the fact that he had been explained - as the written statement says -- the consequences of the plea agreement reached is consistent with his answers to the court on June 15, 1999:

> JUDGE: You don't know how to read and write. Did the attorney read the document to you?
>
> DEFENDANT: Yes.
>
> JUDGE: Did you understand what that document said?
>
> DEFENDANT: Yes.

(Docket No. 36-1 at p.6). Furthermore, the court explained to the petitioner the counts to which he was pleading guilty to and the fact that he would not be eligible for probation. (Docket No. 36-1 at p.9-10).

In sum, a review of the record indicates that petitioner entered into his guilty plea

6


voluntarily, intelligently and knowingly. He discussed the plea agreement with his attorneys prior to the change of plea hearing who warned him, as he acknowledged in the statement that he signed, of the 99-year sentence without parole. He knew that he was waiving his right to a jury trial, his right to remain silent, his presumption of innocence, and his right to cross-examine any government witnesses. He acknowledged that nobody had forced him to enter a guilty plea and nothing from the records suggests that petitioner was not competent to enter a guilty plea.

WHEREFORE, for the foregoing reasons, respondents' motion to dismiss petitioner's request for habeas corpus is GRANTED and Díaz's habeas corpus petition is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th of September, 2012.

                                              s/Marcos E. López
                                              U.S. MAGISTRATE JUDGE